Pí&rsoN, 0. J.,
For the purpose of showing negligence on the part of the defendants, the plaintiff examined many witnesses, who stated facts and circumstances from which he insisted an inference might be drawn as to how the fire was caused, and fixing the defendants with negligence. To contradict this evidence or to explain it and rebut the inferences which might be drawn from it, the defendants examined many witnesses, and :i the Court instructed the jury that if they were satisfied that the evidence offered on the part of the plaintiff was true, the defendants were guilty of negligence, and they should find a verdict for the plaintiff. If they were not satisfied as to this, but believed the evidence offered by the defendants, they should find a verdict for the defendants.” There w'as a verdict for the plaintiff.
There is error. The verdict must be set aside and a venire de%novo awarded, on the ground that the Judge in the Court below -has not pursued the statute in that case made and provided; and has left the case to the jury in *316 such a manner as to make it impossible for this Court to know wbat his opinion was on the question of law arising on the facts of the case, and of course making it impossible to review his decision.
The statute requires the Judge “ to state, in a full and correct manner, the evidence given in the case and declare and explain the law arising thereon.” Rev. Code, ch. 31, sec. 130.
It is not essential, by the true construction of this statute, that the Judge shall recapitulate all of the evidence in detail. It is sufficient for him to call the attention of the jury to the material parts of it, and he is then .to declare his opinion of the law arising thereon ; that is, he is to charge what the law is on a given state of facts; For instance, he is to instruct the jury, that in order to make out his case, the plaintiff must establish by the evidence certain facts, or, in order to support his plea, the defendant must establish certain facts, and leave it to the jury to decide whether the evidence does or does- not establish the facts necessary to sustain the action or the plea. In this way it is made to appear by the record what facts the jury find, and what is the opinion of the Judge as to the law arising thereon.
When the evidence is direct so as to leave nothing to inference, and the evidence if believed is the same thing as the fact sought to. be proved, the' Judge is at liberty to instruct the jury that if they believe the witness they should find for the plaintiff, or for the defendant, and this may be done even when many other witnesses are examined in support of the principal witness, or to contradict him. This mode of leaving a case to the jury is allowed in such cases, because it is easy and the main purpose is accomplished, viz: it shows what facts are found by the verdict, and what is the opinion of the Judge as to the law arising thereon; but this indulgence can not be extended to cases like the *317 one before us, where the evidence is altogether circumstantial, and that offered on the other side tends to explain it, or to rebut the inferences, or to contradict some of the witnesses, because the main purpose is «not accomplished; the Judge does not “ declare or explain the law to the jury,” and there is no telling what facts the jury find, or what was the opinion of the Judge bn the questions of law arising thereon. So the decision can' not be reviewed, and the testimony is thrown broadcast to the jury, and they are to fake the responsibility of making a final decision !
Suppose the jury should render a special verdict, not finding the facts, but setting out all of the testimony, such as that offered in this case! Could the, Judge decide the case upon such a verdict ? Or if he did undertake to do it, would it be in the power of this Court to review his decision ? Certainly not; for he can not know what the facts are, nor can this Court know what he supposed them to be. This subject is discussed in an opinion delivered at this term—State vs. Norton—a reference to which will aid in its elucidation, and show the distinction between the evidence in a case and the facts established by such evidence; Sometimes the difference is not so obvious, but in a case like the present it is glaring. '
Judgment reversed and 'venire de novo.